1

2

3

4                                                     **E-FILED on**  _3/15/2012_____

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   BANKUNITED,                              No. C-11-06211 RMW

13              Plaintiff,

14        v.                                  ORDER REMANDING CASE TO STATE
                                              COURT
15   IRMA CARRANZA, and DOES 1 through 10
     Inclusive,                               **[Re Docket No. 7]**

16
                Defendants.
17

18

19        Irma Carranza and Rosendo Carranza, proceeding *pro se*, have filed a document styled

20   "Application for Temporary Restraining Order and Application for Temporary and Permanent

21   Injunctive Relief to Stay an Imminent Foreclosure Sale. To Show Cause Concerning Defendants'

22   Filing of False Documents into a Public Office."[1]  Dkt. No. 7.  Plaintiff appears to have been served

23   with the papers but has not filed an opposition or otherwise appeared before this court.

24        The court finds that it lacks subject matter jurisdiction over this action and therefore remands

25   the action to state court.  Because it lacks jurisdiction, the court does not rule on the applications for

26   a temporary restraining order or for other injunctive relief.

27   _____

28   [1]  Defendants' filing sometimes refers to applications for a temporary restraining order and for an
     injunction "filed concurrently herewith," but the court has not received any other papers.

     ORDER REMANDING CASE TO STATE COURT—No. C-11-06211 RMW
     LJP

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

**ANALYSIS**

Plaintiff BankUnited initiated this case by filing a complaint for unlawful detainer in Santa Clara County Superior Court on November 12, 2010.  Defendant Irma Carranza, the only named defendant, removed the case to this court on December 12, 2011.  A proof of service filed with the notice of removal indicates that the notice was served on plaintiff's counsel by mail on December 12, 2011.  Plaintiff, however, has never appeared before this court.

In a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see also United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004) (finding "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not").  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Defendant's notice of removal invokes removal jurisdiction under 28 U.S.C. § 1441(b) and § 1443.

28 U.S.C. § 1441(b) provides for removal of civil actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," or so-called federal question jurisdiction.  The test for federal question jurisdiction is the "well-pleaded complaint rule," "which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  Here, BankUnited's complaint states only a claim for unlawful detainer and is not based upon any federal statute.  Defendant contends in the notice of removal that *her* constitutional and statutory rights were violated, but even if the court construes these allegations as counterclaims against BankUnited, "a counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  Thus, the court does not have federal question jurisdiction over this case.

28 U.S.C. § 1443 permits the removal of any state court action "[a]gainst a person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal

civil rights of citizens of the United States."  A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioners must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and (2) the "petitioners must assert that the state courts will not enforce that right," with "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  Here, defendant generically alleges that she has been deprived of rights to due process under the Fifth and Fourteenth Amendments.  However, defendant has not alleged nor made any showing that she was denied racial equality or that any state law provision prevented her from enforcing her federal rights in state court.  Moreover, the Supreme Court has found that "broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  Thus, § 1443 does not provide a basis for the court to exercise jurisdiction.

   In sum, both of defendant's grounds for removal jurisdiction lack merit.  In addition, there does not appear to be a basis for diversity jurisdiction, as the complaint alleges that the amount in controversy does not exceed $10,000.  *See Deutsche Bank Nat'l Trust Co. v. De Guzman*, 2011 U.S. Dist. LEXIS 114424 at *3 (E.D. Cal. 2011) ("In unlawful detainer cases, the right to possession — not title to the property — is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint." (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977))).  Because the court lacks subject matter jurisdiction, the case must be remanded to state court, and the court cannot rule on defendant's applications for a temporary restraining order and for temporary and permanent injunctive relief.

/ / /

/ / /

/ / /

/ / /

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Santa Clara.

DATED:     March 14, 2012

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

ORDER REMANDING CASE TO STATE COURT—No. C-11-06211 RMW
LJP                                                          4